PHILLIP A. TALBERT
Acting United States Attorney
KATHERINE E. SCHUH
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:21-CR-00185-NONE-BAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| DAVID GARCIA, ET AL., | DATE: March 23, 2022 TIME: 1:00 p.m. COURT: Hon. Barbara A. McAuliffe |
| Defendants. | |

**BACKGROUND**

This case is set for a status conference on March 23, 2022.  By this stipulation, the parties move to continue the status conference to June 8, 2022 at 1:00 p.m. before the Honorable Barbara A. McAuliffe, U.S. Magistrate Judge, and to exclude time between March 23, 2022 and June 8, 2022, inclusive.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the

1   extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13,

2   2020). This and previous General Orders were entered to address public health concerns related to

3   COVID-19.

4        Although the General Orders address the district-wide health concern, the Supreme Court has

5   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

6   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

7   *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

8   exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at

9   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

10  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

11  or in writing").

12       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

13  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-

14  justice continuances are excludable only if "the judge granted such continuance on the basis of his

15  findings that the ends of justice served by taking such action outweigh the best interest of the public and

16  the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable

17  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

18  the ends of justice served by the granting of such continuance outweigh the best interests of the public

19  and the defendant in a speedy trial." *Id.*

20       The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code

21  T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

22  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

23  circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

24  following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court

25  recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see*

26  *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

27  following the September 11, 2001 terrorist attacks and the resultant public emergency).

28       The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.    By previous order, this matter was set for status conference on March 23, 2022.

2.    By this stipulation, defendant now moves to continue the status conference until June 8, 2022, and to exclude time between March 23, 2022, and June 8, 2022, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.    The parties agree and stipulate, and request that the Court find the following:

a)    The government has represented that the discovery associated with this case includes thousands of pages of written discovery, including investigative reports, investigative filings and warrants, warrant and subpoena returns, wire and electronic intercepts, pole camera footage, photographs, and financial records, and several terabytes of electronic data, including wire intercepts and pole camera footage. All of this discovery has been produced directly to

1    counsel for defendants.

2         b)    Counsel for defendants desire additional time to review the voluminous

3    discovery, discuss the charges with their clients, and conduct additional investigation.

4         c)    Counsel for defendant believes that failure to grant the above-requested

5    continuance would deny him/her the reasonable time necessary for effective preparation, taking

6    into account the exercise of due diligence.

7         d)    The government does not object to the continuance.

8         e)    In addition to the public health concerns cited by the General Orders and

9    presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

10   this case because any trial on this case would involve individuals/witnesses with high-risk

11   factors, such as age, medical conditions, etc.

12        f)    Based on the above-stated findings, the ends of justice served by continuing the

13   case as requested outweigh the interest of the public and the defendant in a trial within the

14   original date prescribed by the Speedy Trial Act.

15        g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

16   et seq., within which trial must commence, the time period of March 23, 2022 to June 8, 2022,

17   inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

18   because it results from a continuance granted by the Court at defendant's request on the basis of

19   the Court's finding that the ends of justice served by taking such action outweigh the best interest

20   of the public and the defendant in a speedy trial.

21   \\\

22   \\\

23   \\\

24   \\\

25   \\\

26   \\\

27   \\\

28   \\\

\\\

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  March 15, 2022                          PHILLIP A. TALBERT
                                                Acting United States Attorney


                                                /s/ KATHERINE E. SCHUH
                                                KATHERINE E. SCHUH
                                                Assistant United States Attorney


Dated:  March 15, 2022                          /s/ Robert C. Lamanuzzi
                                                Robert C. Lamanuzzi
                                                Counsel for Defendant
                                                DAVID GARCIA, et al.


Dated:  March 15, 2022                          /s/ Richard A. Beshwate, Jr.
                                                Richard A. Beshwate, Jr.
                                                Counsel for Defendant LUIS
                                                PEREZ

Dated:  March 15, 2022                          /s/ Kevin P. Rooney
                                                Kevin P. Rooney
                                                Counsel for Defendant
                                                GERARDO PEREZ

1
2
## **<u>ORDER</u>**

3        IT IS SO ORDERED that the status conference is continued from March 23, 2022, to **June 8,**
4  **2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18
5  U.S.C.§ 3161(h)(7)(A), B(iv).

6
7  IT IS SO ORDERED.

8     Dated:   **March 16, 2022**              /s/ *Barbara A. McAuliffe*
9                                   UNITED STATES MAGISTRATE JUDGE
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28